BRIAN J. STRETCH (CABN 163973)
United States Attorney

THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division

CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7000
    FAX:      (415) 436-7009

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV 16-0969-JST |
| Petitioner, | REPLY TO AMENDED MEMORANDUM OF POINTS AN AUTHORITIES IN SUPPORT OF LAWRENCE Y. LUI'S OPPOSITION TO UNITED STATES PETITION TO ENFORCE THE IRS SUMMONSES |
| v. | |
| LAWRENCE Y. LUI, | |
| Respondent. | Date: March 16, 2017<br>Time: 2:00 p.m. |

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

FACTUAL STATEMENT ............................................................................................................1

    Non-possession as a defense to Enforcement of the Summons for Documents. ....................5

    Fifth Amendment Privilege.......................................................................................................8

    The Attorney-Client, Tax Practitioner and Work Product Privileges ......................................9

    The Powell Factors. .................................................................................................................9

CONCLUSION ............................................................................................................................10

## TABLE OF AUTHORITIES

### CASES

Fisher v. United States,
　425 U.S. 391 (1976) ............................................................................................................. 8

Hoffman v. United States,
　341 U.S. 479 (1951) ............................................................................................................. 8

United States v. Antelope,
　395 F.3d 1128 (9th Cir. 2005) .............................................................................................. 8

United States v. Asay,
　614 F.2d 655 (9th Cir. 1980) ................................................................................................ 5

United States v. Barth,
　745 F.2d 184 (2d Cir. 1984) ................................................................................................. 7

United States v. Clarke,
　134 S.Ct. (2014) .................................................................................................................. 10

United States v. Huckaby,
　776 F.2d 564 (5th Cir. 1985) ............................................................................................ 6, 7

United States v. Lawn Builders of New England, Inc.,
　856 F.2d 388 (1st Cir. 1988) ................................................................................................ 7

United States v. Malhas,
　116 A.F.T.R. 2d 2015-6724 (N.D. Ill 2015) ..................................................................... 6, 10

United States v. Wheaton,
　791 F.Supp. 103 (D.J.H. 1992) ............................................................................................ 7

US v. Baggott,
　463 US 476 (1983) ............................................................................................................... 5

**REPLY TO AMENDED MEMORANDUM OF POINTS AN AUTHORITIES
IN SUPPORT OF LAWRENCE Y. LUI'S OPPOSITION TO
UNITED STATES PETITION TO ENFORCE THE IRS SUMMONSES**

COMES NOW Petitioner, the UNITED STATES OF AMERICA, and submits this Reply to the Amended Memorandum of Points and Authorities in Support of Lawrence Y. Lui's Opposition to United States' Petition to Enforce the IRS Summonses. ("Amended Memorandum")

**INTRODUCTION**

The United States commenced this summons enforcement action seeking judicial assistance to enforce two IRS summonses, one for oral testimony and one for documents. Lawrence Lui ("taxpayer") responded to the document summons by producing many documents, however, documents remain outstanding, specifically, those pertaining to Netfinity Assets Corporation ("Netfinity"). Taxpayer contends he is unable to produce these documents because he does not possess them nor can he obtain them, despite his efforts to do so. The United States alleges that taxpayer has not met his heavy burden of producing credible evidence of non-possession and suggest an evidentiary hearing as an opportunity to present additional evidence.

The IRS interviewed taxpayer on August 4, 2014, pursuant to the summons for oral testimony. Taxpayer asserted the Fifth Amendment to most questions, including those pertaining to Netfinity. The United States alleges that taxpayer has not shown a real or legitimate fear of prosecution and requests an in camera review to determine if the privilege is available.

**FACTUAL STATEMENT**

In September 2013, the IRS began its audit of the joint tax liabilities of taxpayer and his wife. Amended Memorandum p. 4. During the audit, the IRS discovered that Galaxy Entertainment Group ("Galaxy") had submitted filings to the Securities and Exchange Commission (SEC) on August 9, 2005, which disclosed, among other things, that taxpayer had a significant ownership interest in Galaxy. The SEC submission clearly identifies taxpayer as having a 6.85% interest in Galaxy based on his ownership of $161 million in Galaxy stock. Netfinity Assets Corporation ("Netfinity") held the Galaxy stock. Netfinity was solely owned by the taxpayer. The SEC submission provides:[1]

---

[1] The SEC submission is Exhibit 1 to Reply to Opposition to Order to Show Cause and was e-

- Lawrence Lui held a 6.85 interest in Galaxy Entertainment Group. SEC Submission - Exhibit 1 to Reply to Opposition to Order to Show Cause, p. 00000055 (ECF 33-1); Appendix XII General Information About KWCM, p. 0000000562, 00000563, 000000564. (ECF 33-3)

- Lawrence Lui was the 100% owner of Netfinity, which held the Galaxy stock. SEC Submission, Exhibit 1 to Reply to Opp. To Order to Show Cause, pp. 00000051, 00000061, 00000119 (yellow highlighting not in original filing). (ECF 33-1)

- Netfinity (100% owned by Lawrence Lui) and Recurrent Profits (100% owned by Francis Lui) "jointly and severally have agreed to indemnify on demand all of KWCM, Canton Treasury and the Galaxy Group and each of them and at all times keep them indemnified on demand from any depletion in, or reduction in, the value of their respective assets…" Exhibit 1 to Reply to Opp. To Order to Show Cause, p. 000000570 (yellow highlighting not in original). (ECF 33-3)

- "Netfinity Assets Corporation, a company incorporated in the British Virgin Islands on 8 September 2004, and wholly owned by Lawrence Lui." Exhibit 1 to Reply to Opp. To Order to Show Cause, p. 00000027. (ECF 33-1)

Based on representations made in the SEC submission, the audit was expanded to determine if taxpayer was required to report dividend income from the $161 Million Galaxy Entertainment Group's stock held under Netfinity Assets Corporation, BVI.

On June 23, 2014, the IRS propounded Information Document Request No. 8 ("IDR") on Certified Public Accountant Robert McEligot, the tax return preparer who held Power of Attorney for the taxpayer. Exhibit B hereto. IDR No. 8 requested documents "[f]or each foreign corporation, foreign foundation, foreign stiftung, foreign trust, and/or other foreign legal entity that the taxpayers exercised control and/or held an ownership interest, legal interest, fiduciary interest, and/or beneficial interest during the years 2008, 2009 and 2010, provide all of the following documents regardless of date…" The IDR then lists the requested documents. Approximately two weeks later, on July 8, 2014, the IRS issued a summons to taxpayer for oral testimony. That summons also required taxpayer "to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability…" Petition ¶ 7, Attachment A to Petition (ECF 1).

IDR No. 8, along with the summons for oral testimony, placed taxpayer on notice that the IRS was seeking documents regarding his interest in foreign entities, including Netfinity. Rather than preserve the summoned records as required by law after receiving the summons, shortly thereafter, on

---

filed in three parts, ECF 33-1; ECF 33-2 and ECF 33-3).

July 26, 2014, taxpayer transferred the Galaxy stock to his foreign national siblings. Taxpayer did not inform the IRS of these facts until November 10, 2015, a year later. Exhibit B, Declaration of Esther Lee ¶ 4. To date, taxpayer has not provided credible evidence to show the Galaxy stock was acquired by the taxpayer with $100 million from Dr. Lui, or evidence to show the transfer of that stock to his foreign siblings.

On August 4, 2014, taxpayer appeared for the summons interview accompanied by his attorney, Ned Ord. Prior to that interview, taxpayer alleges that he knew: (1) Dr. Lui had set up a secret trust in 2002, after discussions with the taxpayer about providing $100 million to him (or his company) to purchase the Galaxy stock (Ex. A to the Declaration of Robert Hammill (ECF 83-1)**;** (2) that he had transferred the Galaxy stock to his foreign siblings between the time he received the IRS summons and the summons interview.

Despite this knowledge, taxpayer shared none of it with the IRS at the summons interview. When asked specific questions about Netfinity and its assets, he invoked his 5th Amendment right against self-incrimination in response to each question about Netfinity. The IRS questioned him about:

- His ownership in Netfinity (Summons Interview of Lawrence Lui on August 4, 2014, p. 34, line 4 through p.36, line 10; p. 39, lines 17-25 and p. 40, lines 1-9);

- What assets were held by Netfinity, and his capital contribution (Summons Interview, p. 36, lines 15 through 23);

- Who keeps the books and records of Netfinity (Summons Interview, p. 37, line 18-19);[2]

- If he was the beneficiary or trustee of any foreign trust in 2010 (Summons Interview, p. 39, lines 8 through 12);

- Who had signatory authority over the Netfinity accounts (Summons Interview, p. 47, lines 23-25);

- His knowledge of the Netfinity accounts (Summons Interview, p. 48 through 49, line 4).

Exhibit C hereto, Transcript of August 4, 2015 summons hearing.

---

[2] Lawrence Lui provided a Declaration in which he that the records of Netfinity and WG have been in the possession, custody, care and control of his siblings since July 26, 2014. Declaration of Lawrence Lui, ECF 21-3 ¶ 9).

The summons interview provided no information about Netfinity to assist the IRS in determining the potential tax consequences stemming from the Galaxy stock.

Although the summons interview occurred nine days after the transfer to his foreign siblings, the IRS was not informed of the secret trust or stock transfers until November 10, 2015, more than a year later. Exhibit A hereto, Esther Lee Declaration ¶ 4.

In December 2015, the United States commenced a summons enforcement action against taxpayer's return preparer, CPA Robert McEligot, to provide documents. United States v. McEligot, Civ. 14-05383-JST (N.D. Calif.). Taxpayer intervened as a party in that proceeding, arguing that he attend the summons interview of CPA McEligot. After this court's ruling, taxpayer appealed the decision to the Ninth Circuit. The Ninth Circuit dismissed the appeal on October 26, 2015. Nine days later, on November 4, 2015, the Deacons law firm in Hong Kong responded to taxpayer's request for information about the 2002 secret trust by providing a letter to taxpayer's attorney, Ned Ord. The Deacons letter represents that Dr. Lui provided his own funds to the taxpayer to purchase the Galaxy stock:

> Pursuant to the Letter, Dr. Lui had procured the sums of HK$25 million, HK$37.5 million and US$4 million (which altogether corresponded at the time to the HK $100 million mentioned in the Letter) to be transferred or made available to or on behalf of LL as Trustee for the sole purpose of acquiring shares in "Galaxy". All of the aforesaid funds provided to the Trust were Dr. Lui's personal funds or from companies which he owned or controlled. Shares in "Galaxy" were indeed acquired subsequently using such funds.

Exhibit I to Robert Hammill Declaration. (ECF 83-9)

After more than two years in the audit, the taxpayer was still in the process of obtaining the summoned documents and information, prompting the IRS to refer the summons to the United States Attorney's office seeking judicial enforcement.

On February 26, 2016, the United States commenced this action by filing a Verified Petition to Enforce Internal Revenue Summonses. Taxpayer thereafter contracted for and obtained opinion letters from law firms which he relies upon to support his affirmative defense that he does not have possession of the documents. ECF #21-3. Declaration of Lawrence Lui. In support of his defense, taxpayer submits opinion letters by Maples and Calder (ECF 22-6), Baker McKenzie (ECF 21-5) to support his

claim that he is unable to obtain the summoned records. Each of these opinion letters relies upon the conclusion that the Galaxy stock was purchased by Dr. Lui and was never owned by the taxpayer. The sole opinion letter representing that Dr. Lui was the source for the purchasing funds is the Deacon's letter.

**Non-possession as a defense to Enforcement of the Summons for Documents.**

The rights and obligation of the summoned party become fixed at the time the summons is served. US v. Baggott, 463 US 476 (1983). The summoned party has an obligation to maintain the summoned records and may not relinquish them after receiving the summons pending a judicial determination of the enforceability of the summons. United States v. Asay, 614 F.2d 655, 660 (9th Cir. 1980).

In United States v. Asay, supra, the IRS served a document summons on the taxpayer's accountant for books and records belonging to the taxpayer. After consulting his attorney and the attorney for the taxpayer, the accountant returned the summoned documents to the taxpayer. The court held that the accountant could not raise the defense of inability to produce the documents when his own actions were responsible for his inability to comply.

In the case at bar, the July 8, 2014 summons for oral testimony and documents, along with the previous IDR #8, placed the taxpayer on notice that the IRS was examining his foreign interests. Taxpayer's response was to place the summoned documents beyond his control. The taxpayer cannot claim lack of possession as a defense when his own actions were responsible for his inability to comply. United States v. Asay, 614 F.2d at 660.

Taxpayer alleges, under penalty of perjury, that he produced all records in his possession, custody, care or control. Declaration of Lawrence Lui ¶ 6 (ECF 21-3). However, this allegation is suspect in light of the list of documents sought by the IRS including emails and correspondence. It is difficult to believe that such a significant purchase and transfer of stock would be unaccompanied by correspondence or at least emails maintained by the transferor.

Moreover, the secret trust refers to discussions between taxpayer and Dr. Lui which occurred prior to January 21, 2002, "relating to the acquisition of shares of Galaxy" in which Dr. Lui "promise[d] to provide to you or [your] company HK $100 million, solely to be used for the purchase of Galaxy

Reply To Amended Memorandum
C-16-0969-JST JST 5

shares." Ex. A to the Declaration of Robert Hammill (ECF 83-1).  At some point between 2002 and 2004, taxpayer or his company was provided with HK $100 million to purchase the Galaxy stock. Taxpayer's allegation that there is no documentation of this purchase, including correspondence and/or emails is in his possession, is suspect.  Moreover, he did not provide this information to the IRS prior to the summons interview and asserted the 5th amendment to questions about his ownership of Netfinity. Now, taxpayer relies upon the secret trust and Deacon's letter to prove he never had a beneficial interest in the Galaxy stock.  Taxpayer cannot have it both ways, either he has a legitimate fear of prosecution because he owned the Galaxy stock or he doesn't own the stock and therefore has no legitimate privilege.

The summons for documents was served on July 29, 2015.  Verified Petition, ¶ 11 (ECF 1). Similar to IDR #8, the requested documents include correspondence and e-mails.

Taxpayer declares, under penalty of perjury:

> I have produced everything requested by the summons within my control.  I simply do not have possession, custody, care of even control over the remaining documents requested by the summons that may not have been produced.

Declaration Lawrence Lui, ECF 21-3, ¶ 11.

Taxpayer bears a *heavy* burden to establish lack of possession by credible evidence. United States v. Huckaby, 776 F.2d 564, 567-68 (5th Cir. 1985) (summoned party must, as with all affirmative defenses, meet a heavy burden to establish lack of possession by credible evidence).  District courts have broad discretion to determine whether the facts demonstrate lack of possession, though some opinions suggest that the credible evidence standard "operates on a sliding scale: the more the government's evidence suggests the defendant possesses the documents at issue, the heaver the defendant's burden to successfully demonstrate that he does not."  United States v. Malhas, 116 A.F.T.R. 2d 2015-6724 (N.D. Ill 2015).

In Malhas, the taxpayer alleged non-possession because the bank had transferred assets from the account to another financial institution.  He submitted an affidavit claiming the documents were not in his possession, custody or control and that he had taken all reasonable steps to obtain them.  The government argued that the taxpayer had failed to meet his burden because there was evidence that he was the beneficial owner of the foreign account as he continued to make direct investments and

Reply To Amended Memorandum
C-16-0969-JST JST                                6

withdrawals from the account. After determining that the IRS had demonstrated good faith in issuing the summons, the court concluded that taxpayer had made "some threshold showing" in support of his affirmative defense and therefore ordered an evidentiary hearing to provide him an opportunity to establish his affirmative defense. At the hearing, taxpayer presented no additional evidence. The court found that Malhas had not met his burden to present credible evidence. The court continued by citing the IRS's plethora of evidence showing Malhas' connections with the overseas accounts.

A taxpayer must produce credible evidence that he does not possess or control the documents sought. <u>United States v. Lawn Builders of New England, Inc.</u>, 856 F.2d 388, 392 (1st Cir. 1988); <u>United States v. Barth</u>, 745 F.2d 184, 188 (2d Cir. 1984) (non-possession must be properly established.); <u>United States v. Wheaton</u>, 791 F.Supp. 103, 105 (D.J.H. 1992); <u>United States v. Huckaby</u>, 776 F.2d 564, 567 (5th Cir.1985).

In the case at bar, taxpayer has failed to produce credible evidence of non-possession. He relies solely on conclusory opinion letters from attorneys (never his own testimony) to support his allegation that he was never the beneficial owner. Supplemental Memorandum, p. 3, line 22. The court should consider the timing of events in this analysis. In 2002, there was a discussion between the taxpayer and his father, in which Dr. Lui promised to provide the taxpayer or his company with $100 million to purchase the Galaxy stock. Next, the government provides IDR No. 8 seeking all documents pertaining to foreign interests of the taxpayer. Next, the government serves a summons for oral testimony, which also requests documents be brought to the interview. Next, taxpayer transfers the Galaxy stock to his foreign siblings. Next, taxpayer appears at the interview and asserts the Fifth Amendment to almost all questions, and specifically, to all questions about the ownership of Netfinity and its assets. Then, taxpayer waits one year before informing the IRS that the Galaxy stock was purchased by Dr. Lui and that he transferred the stock to his foreign siblings, thereby precluding him from obtaining corporate records responsive to the summonses.

Taxpayer has not met his burden of producing credible evidence. Rather than cooperate with the IRS, he withheld the information until long after the summons interview and after the McEligot summons enforcement had concluded. These facts should be considered in adjudging the credibility of the evidence that the taxpayer has produced in this case –opinion letters rather than his own testimony or

documents that should be in his control.

## Fifth Amendment Privilege

The Fifth Amendment to the Constitution actually says:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; *nor shall be compelled in any criminal case to be a witness against himself*, nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation.

A person summoned to answer questions from an IRS agent is entitled to assert the Fifth Amendment right when appropriate. The assertion of the privilege, however, is subject to the same limitations that obtain in other situations. It is for the court to say whether his silence is justified. Hoffman v. United States, 341 U.S. 479, 486 (1951); accord, Fisher v. United States, 425 U.S. 391, 410 (1976).

At his summons interview, taxpayer invoked the Fifth Amendment in response to questions about his ownership in Netfinity. (Summons Interview of Lawrence Lui on August 4, 2014, p. 34, line 4 through p.36, line 10; p. 39, lines 17-25 and p. 40, lines 1-9); what assets were held by Netfinity, along with his capital contribution (Summons Interview, p. 36, lines 15 through 23); the identity of those who keep the books and records of Netfinity (Summons Interview, p. 37, line 18-19); whether he was the beneficiary or trustee of any foreign trust in 2010 (Summons Interview, p. 39, lines 8 through 12).

Despite his invocation of the privilege when the IRS asked him who kept Netfinity's books and records, in the case at bar, taxpayer provides his Declaration stating that Netfinity's books and records were in the possession, custody, care and control of his siblings since July 26, 2014. ECF 21-3, Lui Declaration ¶ 9. Taxpayer has waived any privilege on this issue by the statement in his Declaration.

In order to properly invoke the 5th Amendment, the taxpayer must show that his testimony carries a risk of incrimination and the penalty he would suffer would amount to compulsion. United States v. Antelope, 395 F.3d 1128, 1134 (9th Cir. 2005). In the case at bar, taxpayer alleges, through opinion letters and representations by his attorneys, that he was not the beneficial owner of the Galaxy stock. His fear of prosecution by answering the question of who owns Netfinity, what assets Netfinity

hold, and his capital contribution, is suspect because he now alleges that he was never the beneficial owner. If taxpayer does not own the stock, as he repeatedly alleges through his attorneys, then he should have no legitimate fear of prosecution.

The law does not enable the taxpayer to invoke the Fifth Amendment in response to testimony and document production. However, that is what taxpayer is doing in this case. He uses the 5th Amendment as a shield from testifying about his ownership, then as a sword to establish that he is not the owner through representations from attorney opinion letters, none of which provide representations by him.

### The Attorney-Client, Tax Practitioner and Work Product Privileges

In addition to assertion of his Fifth Amendment privilege, taxpayer alleges asserts the attorney-client privilege, the work produce doctrine and tax practitioner privilege. Amended Memorandum, p. 26. A review of the Summons Interview does have assertions of the attorney-client, tax practitioner and work product privilege, beginning at page 34 of the Summons Interview; however, as argued herein, taxpayer hired attorneys to provide conclusory opinion letters to establish he did not have an ownership interest in Netfinity and Wealth Grand. He provided his declaration stating that he hired these law firms and obtained the opinion letters accordingly. Lawrence Lui Declaration ¶ 5. (ECF 21-3). Taxpayer cannot argue this same information is privileged on one hand, and rely upon allegations from his attorneys to meet his burden on the same point.

### The Powell Factors.

<u>Bad Faith</u>.

At the summons interview, the IRS Agent explained to the taxpayer that they did not have a record that the taxpayer has timely filed an FBAR for 2012. Summons Interview, p. p. 27, lines 17-23. The IRS Agent explained that they had an amended 2012 FBAR. Summons Interview, p. 26, lines 24-25, p. 27, lines 1-3. The IRS Agent explained the reason for asking about late filing of the FBAR was "I want to let you know, and the reason I need to know for the reason for later filing, or not filing, we need the purpose, we need to know then we can determine appropriate penalty amount. So this question is --- the answer is really important. Exhibit C hereto, Summons Interview, p. 24, lines 17-22.

Taxpayer alleges that the summons was issued in bad faith because the IRS misled the taxpayer

Reply To Amended Memorandum
C-16-0969-JST JST 9

by informing him that the IRS did not have a copy of his 2012 FBAR. Amended Memorandum. p. 28, lines 19-22. Taxpayer alleges that he feared criminal prosecution because the IRS asserted that he had improperly failed to file his 2008 through 2012 FBARS, and "in response to the government doubting the existence of the 2002 Trust..." Amended Memorandum, p. 25, lines 4-10; lines 11-15. However, the taxpayer did not inform the IRS about the secret trust until a year after the summons interview. Moreover, it is difficult to understand taxpayer's fear of prosecution if he had informed the IRS about the secret trust at the summons interview, taxpayer relies upon the secret trust to support his defense of non-possession in the case at bar. Moreover, the IRS Agent explained the very reason she was asking for the information – to determine whether a penalty was warranted.

The IRS cannot invoke the process of the court for an improper purpose, however, taxpayer's argument is not supported by credible evidence to support his charge. United States v. Clarke, 134 S.Ct. at 2367 (2014).

### Verification of the Petition.

Taxpayer argues that the Verified Petition to Enforce Summonses was insufficient because it was not based on first-hand knowledge. Supplemental Memorandum, p. 27, lines 18-24. The current IRS Revenue Agent, Esther Lee, was assigned this case in April 2015, as the third agent assigned to the Luis audit. Agent Lee reviewed all files, and received briefing from former agents and managers, prior to verifying that the facts set forth in the Petition were true and accurate. Declaration of Esther Lee ¶ 3, Exhibit A hereto. This argument is frivolous.

### The Relevance of Documents Related to Netfinity and Wealth Grand.

Taxpayer alleges Netfinity and Wealth Grand documents are irrelevant because he was not a beneficial owner. This argument has been addressed above.

## CONCLUSION

Lawrence Lui has failed to meet his burden of establishing non-production by credible evidence. Should the court find he has established some evidence to meet this heavy burden, the government suggests that the court allow him to present sufficient evidence at an evidentiary hearing. United States v. Malhas, 116 A.F.T.R. 2d 2015-6724 (N.D. Ill 2015).

Lawrence Lui has not shown "a real, non-trifling, risk of criminal prosecution" in asserting the

1  5th Amendment in response to IRS questions about his interest in Netfinity.  Accordingly, the
2  government seeks an in camera review of the questions and answers from the August 4, 2014, summons
3  interview,to determine whether Lawrence Lui should be required to respond to the questions asked of
4  him.

                                      Respectfully submitted,

                                      BRIAN J. STRETCH
                                      United States Attorney

                                  _____/s/_____
                                  CYNTHIA STIER
                                  Assistant United States Attorney
                                  Tax Division