UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>LAWRENCE Y. LUI,<br>    Defendant. | Case No. 16-cv-00969-JST<br><br>**ORDER DENYING MOTIONS FOR CONTEMPT AND SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 104, 109 |

Before the Court are Plaintiff's Motion for Contempt and Defendant's Motion for Summary Judgment. ECF Nos. 104, 109. For the reasons set forth below, the motions are denied.

## I. BACKGROUND

The Petition arises from an Internal Revenue Service ("IRS") investigation into the tax liabilities of Lawrence Y. Lui ("Lui") and Gorretti L. Lui for the years of 2005 to 2012. ECF No. 1 at ¶ 3. On July 8, 2014, Revenue Agent Meiling Yang, a former Revenue Agent, served Petitioner with a summons related to the alleged tax liabilities. Id. ¶ 7. Agent Yang interviewed Lui pursuant to the summons on August 4, 2014. Id. ¶¶ 9-10. Lui refused to provide testimony, citing his Fifth Amendment privilege against self-incrimination, as well as other privileges. Id. ¶ 10. On July 29, 2015, Agent Lee served Lui with another summons for documents related to the alleged tax liabilities. Id. ¶ 11. The Government sought to compel the production of documents related to Wealth Grand Limited, a Hong Kong company ("WG"), Netfinity Assets Corporation, a British Virgin Islands company ("Netfinity"), and Jatur Sdn. Bhd., a Malaysian company ("Jatur"). ECF No. 1-3 at 7.

Agent Lee interviewed Lui pursuant to the second summons on August 28, 2015. ECF No. 1 ¶ 14. Lui provided some responsive documents, but did not provide all responsive documents or

provide testimony. Id.

Seeking a court order compelling Lui's cooperation with the summons, the Government filed a petition on behalf of the IRS on February 26, 2016. ECF No. 1. On March 15, 2016, this Court found that the Government had established a prima facie case and ordered Lui to show cause as to why he should not be compelled to produce the requested documents and testimony. ECF No. 6. The parties subsequently submitted briefing. ECF Nos. 21-1, 33, 43, 47.[1] The Government also moved to quash Lui's requests for admissions and documents. ECF Nos. 32, 38, 45, 51, 61. Lui moved to dismiss the record summons portion of the Government's complaint. ECF Nos. 59, 61, 62. The Court held a hearing on the order to show cause, as well as the other motions as they related to the substance of the order to show cause on December 15, 2016. The Court ultimately ordered re-briefing on the order to show cause. ECF No. 73. Lui retained new counsel, ECF Nos. 75, 80, and submitted an amended memorandum of points and authorities opposing the Governments' summonses. ECF No. 82. The Government filed a new reply. ECF No. 84. Lui filed a sur-reply. ECF No. 88.

In its July 31, 2017 order, the Court concluded that Lui had sufficiently demonstrated that he did not possess the documents directly related to the Netfinity or WG assets, but that he had not demonstrated that he had *no* documents related to the transfer of those assets and ordered him to turn over any documents regarding the transfer, or to submit a declaration explaining that no such documents exist. ECF No. 98 at 7-8. Lui filed a declaration that explained, under penalty of perjury, that he did not possess or control any documents relating to the transfer on August 11, 2017. ECF No. 99. As to the testimonial summons, the Court concluded that Lui properly invoked his Fifth Amendment privilege and could not be compelled to answer questions regarding his interests in foreign accounts or the ownership and reporting of foreign entities, and ordered Lui to answer only eleven questions—five general background questions identified in the parties' joint brief at ECF No. 94 at 3, the question of "who keeps of the books and records of Netfinity Asset

---

[1] Lui originally moved to strike the Government's reply to his sur-reply on the grounds that it was untimely filed, and the Government responded. ECF Nos. 52, 55, 57. Lui then withdrew his motion to strike. ECF Nos. 89, 90.

2

Corporation," and five specific questions regarding his lack of possession or control of the summoned documents as of the date of the summons, ECF No. 98 at 9-11. The Court also rejected Lui's various challenges to the validity of the summons. Id. at 11-13. Finally, the Court granted the Government's motions to quash Lui's affirmative discovery against the Government, and denied Lui's motion to dismiss. Id. at 15.

On October 11, 2017, the Court held a case management conference, at which the Government asked the Court whether it could ask follow up questions to the eleven questions in the July 31, 2017 order. ECF No. 103. The Court instructed the Government to comply with the Court's July 31, 2017 order.

On October 19, 2017 the Government conducted a summons interview. Three IRS agents asked Lui questions while a U.S. Attorney and a lawyer representing Mr. Lui were present. ECF No. 104-1. At this interview, Lui answered the eleven questions that the Court ordered him to answer. He based his answers in part on written notes, which he provided a copy of to the Government. Id. Throughout the interview, when IRS agents asked questions other than the eleven questions in the July 31, 2017 order, Lui's attorney instructed him not to answer. Id. For example, when IRS Agent Lee asked Lui to "describe all positions you have had the for past 20 years," Id. at 14, and "Did you receive any stock distribution of dividend or interest income from Netfinity?," Id. at 54, Lui's lawyer directed his client not to answer. Lui did occasionally answer follow-up questions that went beyond the eleven questions identified in the Court's July 31, 2017 order. For example, in response to a line of questioning from IRS Agent Chenoweth, Lui provided information concerning which documents he reviewed to prepare his answers to each of the eleven questions. Id. at 36-40. Lui also answered questions regarding which lawyers helped him prepare for the interview, and over what time period. Id.

The Government now moves for a finding of contempt, arguing that Lui failed to comply with the Court's July 31, 2017 order. ECF No. 104 at 6. Specifically, the Government argues that Lui failed to answer questions about the transfer of Netfinity stock to his siblings, and his signatory authority on Netfinity and other bank accounts. Id. The Government seeks an order issuing remedial or coercive measures to ensure Lui's compliance with the summons and order,

3

1  and directing Lui to pay the Government's costs and expenses incurred in seeking contempt. Id.
2  Lui opposes the motion for contempt and seeks entry of summary judgment that he is in full
3  compliance with the Court's July 31, 2017 order. ECF Nos. 109, 110. The Government opposes
4  Lui's motion.

## II. LEGAL STANDARD

District courts have "inherent power to enforce compliance with their lawful orders through civil contempt." Cal. Dep't of Social Servs. v. Leavitt, 523 F.3d 1025, 1033 (9th Cir. 2008) (citation and quotation marks omitted). "A person who fails to comply with an order enforcing an IRS summons may be held in contempt." United States v. Bright, No. 07-cv-00311, 2008 WL 3876111, at *3 (D. Haw. Aug. 20, 2008) aff'd as modified, 596 F.3d 683 (9th Cir. 2010) (citing United States v. Rylander, 460 U.S. 752, 753 (1983)).

In moving for an order finding Defendant in contempt, the Government bears "the burden to show (1) that [Defendant] violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (internal quotation marks omitted). The Government must make those showings by clear and convincing evidence. F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). "The burden then shifts to the contemnor[] to demonstrate why [he was] unable to comply." Id. (internal quotation marks omitted). It is a "long-standing rule," however, "that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." United States v. Ayres, 166 F.3d 991, 995 (9th Cir. 1999) (citation and internal quotation marks omitted). Accordingly, a contemnor may not "challenge[] . . . the validity of the summons and the enforcement order" during contempt proceedings. Id.; Bright, 596 F.3d at 694 ("When defending against a finding of contempt after an adversary enforcement proceeding, a taxpayer cannot relitigate the Fifth Amendment privilege or lack of custody or control.") (citation omitted).

The alleged contemnor is entitled to "reasonable notice of the specific charges and [the] opportunity to be heard in his own behalf." Taylor v. Hayes, 418 U.S. 488, 499 (1974). Notice of

the contempt charges must be "explicit." Little v. Kern Cty. Superior Court, 294 F.3d 1075, 1081 (9th Cir. 2002).

"Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." Bright, 596 F.3d at 695–96 (internal quotation marks omitted). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order. Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." Id. (internal quotation marks at citations omitted).

## III. DISCUSSION

The Court concludes that Lui complied with its July 31, 2017 order. The Court's order instructed Lui to answer eleven specific questions:

(1) When did you become a U.S. citizen?

(2) Are you a citizen of any other country?

(3) Did you take any accounting classes in college?

(4) Did you take any accounting or tax classes in graduate school?

(5) Do you have any education in accounting or tax matters?

(6) Who keeps the books and records of Netfinity Asset Corporation?

(7) Did you possess any summonsed documents as of July 29, 2015?

(8) Who possessed the Netfinity documents on July 29, 2015?

(9) Where do the individuals that possessed the documents on July 29, 2015 reside?

(10) How do you know that your siblings possessed or controlled the documents on July 29, 2015?

(11) What documents do you possess that evidence your siblings' possession or control of the Netfinity documents?

ECF Nos. 94 at 3, 98 at 9-10. The Court's order made clear that any further summons interview was limited to these questions. The Court held that Lui had properly invoked his Fifth

5

Amendment privilege as to his interests in foreign accounts, and his ownership and reporting of foreign entities, and could not be compelled to answer questions regarding those subjects. ECF No. 98 at 9-11.

The transcript of the October 19, 2017 interview shows that Lui answered these eleven questions. See, e.g., ECF No. 104-1 at 13-16 (answering questions 1-5, 7-11); Id. at 34 (answering question 6). For example, in response to question six, Lui answered "I believe my four siblings controlled them as of today, August 4, 2014 and July 29, 2015." ECF No. 104-1 at 61. And in response to question eleven, Lui described eight specific documents that showed that his siblings controlled the Netfinity documents. Id. at 62.

The Government argues that Lui failed to comply with the Court's July 31, 2017 order because he "refused to answer follow-up questions about who possessed the summonsed Netfinity documents and how he transferred those documents." ECF No. 104 at 6. Specifically, according to the Government, "Lui refused to answer questions about the transfer of Netfinity stock to his siblings," and refused to "testify concerning his signatory authority on WG and Netfinity bank accounts." Id. The Court did not order Lui to answer those questions, and he cannot be held in contempt for not answering them. ECF Nos. 94 at 3, 98 at 9-10.

The Government also takes issue with Lui's use of notes at the summons interview. ECF No. 104 at 6. The Government cites no authority, and the Court is aware of none, holding that a witness may not use materials to refresh his recollection during a summons interview. Perhaps Lui was obligated to produce his notes to the IRS, Fed. R. Evid. 612, but he did that. In any event, Lui's use of notes did not convert his percipient witness testimony into "hearsay," as the Government complains. ECF No. 104 at 7.

Because the Government has not shown by clear and convincing evidence that Lui failed to comply with the order, it concludes that Lui should not be held in contempt, and need not reach the remaining steps of the contempt analysis. Bright, 596 F.3d at 694; Affordable Media, 179 F.3d at 1239. The Government's contempt motion is denied.

As to Lui's Motion for Summary Judgment, the Court is not persuaded that that form of relief is available on the facts and procedural posture of this case. Lui's motion is also denied.

6

## CONCLUSION

For the foregoing reasons, the Court denies the Government's Motion for Contempt and Lui's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: April 17, 2018

JON S. TIGAR
United States District Judge